UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:  1:16-cv-20595-PAS


BRUCE J. SIMPSON *et al*.

          Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.

          Defendant.

                                        /

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Royal Caribbean Cruises Ltd. ("Royal Caribbean") moves to dismiss Plaintiff's amended complaint, and states:

### Introduction

Plaintiffs, former cruise passengers, allege that they became injured after the *Anthem of the Seas* encountered a winter storm during his cruise. [ECF No. 21]. As outlined below, Plaintiffs' complaint as pled should be dismissed. Plaintiffs assert three negligence claims against Royal Caribbean covering the same underlying conduct, but asserting various forms of vicarious liability for two of the claims. Plaintiffs should be required to replead a single negligence claim. Further, Plaintiffs impermissibly seek entitlement to punitive damages based on allegations of wanton, willful, and outrageous conduct although general maritime law requires a showing of intentional misconduct. This Court should dismiss Plaintiffs' amended complaint.



CASE NO.:  1:16-cv-20595-PAS

### Memorandum of Law

**Motion to dismiss standard.**

Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, *i.e.*, when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009).

**Plaintiffs' actual agency and apparent agency claims should be dismissed as they are not independent causes of action.**

Plaintiffs plead three separate negligence claims against Royal Caribbean for essentially the same underlying conduct. Claim one is purportedly for Royal Caribbean's direct negligence whereas claims two and three plead vicarious liability for actual agency and apparent agency of Royal Caribbean's crewmembers, respectively. These claims are needlessly duplicative and should be dismissed for Plaintiffs to plead a single negligence claim against Royal Caribbean. Actual agency and apparent agency are not independent causes of action, but instead are theories of liability. *Flaherty v. Royal Caribbean Cruises, Ltd.*, 2015 WL 8227674, *6 (S.D. Fla. Dec. 7, 2015); *see also Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (there is no cause of action for "agency."). Instead, where the plaintiff pleads an underlying negligence claim, the court may hold the principal vicariously liable for any negligence of the agent. *Id*.

To streamline the pleadings for trial and discovery, Plaintiffs should be required to replead a single negligence claim against Royal Caribbean instead of maintaining three

2

MASELARA
TRIAL LAWYERS

duplicative counts. Their "claims" for apparent and actual agency are merely subsets of the already-pled claim for negligence against Royal Caribbean. This Court should require Plaintiffs to replead the negligence claims into a single count.

**Plaintiffs cannot pursue punitive damages on their negligence claim.**

Plaintiffs cannot pursue punitive damages based on their negligence claim. General maritime law applies to cases that allege torts committed aboard cruise ships sailing in navigable waters. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). Under general maritime law, the Eleventh Circuit has defined the circumstances and scope under which passengers can recover punitive damages in a personal injury action. *In re Amtrak*, 121 F. 3d at 1421. Passengers can recover punitive damages only after a showing of intentional misconduct. *Amtrak*, 121 F.3d at 1428. While Royal Caribbean appreciates that this Court has previously allowed cruise passenger punitive damage claims to proceed past the dismissal stage based on allegations of wanton, willful, or outrageous conduct, as explained below, binding precedent compels otherwise. *See Vairma v. Carnival Corp.*, 15-cv-20724-PAS (S.D. Fla. 2016).

*Amtrak* involved a train derailment caused by a collision with a vessel, which resulted in deaths over state territorial waters. The district court held that Alabama's wrongful death law permitting punitive damages on a finding of negligence could supplement those damages allowed under maritime law. The Eleventh Circuit reversed, finding that application of Alabama's wrongful death statute conflicted with general maritime law. Specifically, the *Amtrak* court found:

> personal injury claimants have no claim for nonpecuniary damages such as a loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as . . . [the] very rare situations of intentional wrongdoing.

MASELARA
TRIAL LAWYERS

> We are aware of no decision in the Supreme Court or in any of the circuit courts which has authorized punitive damages in a personal injury case.

*Id*. (extending its holding in *Lollie v. Brown Marine Serv. Inc.*, 1993 AMC 2947, 995 F. 2d 1565 (11th Cir. 1993). The *Amtrak* decision defines the standard for the recovery of punitive damages for passenger personal injury cases by requiring a finding of intentional wrongdoing.

The Supreme Court's decision in *Atl. Sounding v. Townsend*, 129 S. Ct. 2561 (2009), involving the narrow issue of seamen's entitlement to punitive damages for a vessel owner's failure to pay maintenance and cure, does nothing to change the binding nature of *Amtrak*.  Nor does *Atlantic Sounding* address the standard for the recovery of punitive damages for passenger personal injury claims under general maritime law.

In *Atl. Sounding*, a seaman sought to recover punitive damages against a shipowner for an alleged arbitrary and willful failure to pay maintenance and cure.  *Atl. Sounding*, 557 U.S. at 408. Without mentioning *Amtrak*, the Eleventh Circuit Court relied on its prior decision in *Hines v. J.A. LaPorte, Inc*., 820 F.2d 1187, 1189 (11th Cir. 1987), to hold that punitive damages were available in an action for maintenance and cure.  *Atl. Sounding*, 557 U.S. at 408.  The Supreme Court affirmed that decision.  *Id*.  The Court noted that punitive damages had long been available to a seaman for a maintenance and cure claim, and that nothing in the Jones Act or any other statute changed that.  *Id*.

The *Atl. Sounding* decision does not overrule the Eleventh Circuit's opinion in *Amtrak*, especially since the Eleventh Circuit authored both *Amtrak* and the underlying appellate opinion in *Atl. Sounding*.  *See also Norwegian Cruise Lines, Ltd. v. Zareno*, 712 So. 2d 791, 794 (Fla. Dist. Ct. App. 1998) (allowing punitive damages in the maintenance and cure context by following *Amtrak* based on Eleventh Circuit's prior opinion in *Hines*).  The Supreme Court

4



addresses only the availability of punitive damages in the maintenance and cure context—the only issue before it.  As such, it provides no basis for this Court to depart from the binding rule in this Circuit that punitive damages for passenger personal injury claims in maritime law are available only upon a showing of intentional conduct. Further, the *en banc* Fifth Circuit recently reaffirmed that general maritime law does not allow for the recovery of punitive damages post-*Atl. Sounding*. *See McBride v. Estis Well Service, L.L.C*., 768 F.3d 382 (5th Cir. 2014). Punitive damages are unavailable to Plaintiffs as a matter of law as they simply pleads entitlement to same based on supposedly wanton, willful, or reckless conduct.

WHEREFORE Defendant Royal Caribbean Cruises, Ltd., respectfully requests that this Court grant its motion to dismiss, and grant any other relief this Court deems just and proper.

Respectfully submitted,

MASE LARA, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, FL 33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:      */s/ Cameron W. Eubanks*
THOMAS A. BRIGGS
Florida Bar No.: 663034
tbriggs@maselara.com
CAMERON W. EUBANKS
Florida Bar No.: 85865
ceubanks@maselara.com


MASELARA
TRIAL LAWYERS

CASE NO.:  1:16-cv-20595-PAS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 30, 2016, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Cameron W. Eubanks*
CAMERON W. EUBANKS

## <u>SERVICE LIST</u>

### BRUCE J. SIMPSON v. ROYAL CARIBBEAN CRUISES, LTD.

### CASE NO.:  1:16-cv-20595-PAS

**Scott P. Schlesinger, Esq.**
**Jonathan R. Gdanski, Esq.**
**Jeffrey L. Haberman, Esq.**
SCHLESINGER LAW OFFICES, P.A.
1212 S.E. 3rd Avenue
Fort Lauderdale, FL 33316
Telephone:  (954) 467-8800
Facsimile:  (954) 320-9509
Email:  Scott@schlesingerlaw.com
Email:  Jonathan@schlesingerlawoffices.com
Email:  JHaberman@schlesingerlaw.com
*Attorneys for Plaintiff*

-and-

**Kurt B. Arnold, Esq. –** *Pro Hac Vice anticipated*
**Caj D. Boatright, Esq. –** *Pro Hac Vice anticipated*
**Jason Itkin, Esq. –** *Pro Hac Vice anticipated*



CASE NO.:  1:16-cv-20595-PAS

ARNOLD & ITKIN, LLP
6009 Memorial Drive
Houston, TX 77007
Telephone:  (713) 222-3800
Facsimile:  (713) 222-3850
Email:  karnold@arnolditkin.com
Email:  cboatright@arnolditkin.com
Email:  jitkin@arnolditkin.com
*Attorneys for Plaintiff*

*/37*

7

